LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISHA MALDONADO, individually and as successor in interest to ANDRU MALDONADO, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:19-cv-00883<br><br>**COMPLAINT FOR DAMAGES**<br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Fourteenth Amendment-Interference with Familial Relations (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Alisha Maldonado, individually and as successor in interest to Andru Maldonado, deceased, for her Complaint against Defendants County of Orange and Does 1-10, inclusive, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of force against of Plaintiff's son, Andru Maldonado ("DECEDENT"), on August 20, 2018 in the City of San Juan Capistrano, California.

**PARTIES**

4.      At all relevant times, Andru Maldonado ("DECEDENT") was an individual residing in the City of San Juan Capistrano and the County of Orange, California.

COMPLAINT FOR DAMAGES

5. Plaintiff ALISHA MALDONADO ("MALDONADO") is an individual residing in the City of San Juan Capistrano, California and is the natural mother of DECEDENT. MALDONADO sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. MALDONADO seeks both survival and wrongful death damages under both federal and state law.

6. At all relevant times, Defendant COUNTY OF ORANGE ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of San Juan Capistrano Police Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City of San Juan Capistrano Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

7. Defendants DOES 1-5 ("DOE DEPUTIES") are police officers or sheriff's deputies employed by the City of San Juan Capistrano Police Department, which is contracted through the Orange COUNTY Sheriff's Department. DOE DEPUTIES were acting under color of law and within the course and scope of their employment as police officers or sheriff's deputies for the City of San Juan Capistrano Police Department and the Orange County Sheriff's Department. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

8. Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of COUNTY, who were acting under color of law and

COMPLAINT FOR DAMAGES

within the course and scope of their duties as managerial, supervisorial, and policymaking employees of COUNTY. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9. On information and belief, Defendants DOES 1-10 were residents of the City of San Juan Capistrano and the County of Orange.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants COUNTY and DOES 6-10.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

12. The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who as a result sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

15. Defendants DOES 1-10 are sued in their individual capacities.

COMPLAINT FOR DAMAGES

16.     On or about February 8, 2019, pursuant to California Government Code Section 910, Plaintiff presented a claim with the County of Orange in full and timely compliance with the California Tort Claim Act.  The claim has been rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.     On August 20, 2018, at or around the 32000 block of Camino Capistrano, California, at approximately 4:40 p.m. on that date, DOE DEPUTIES unlawfully detained and arrested DECEDENT.  DOE DEPUTIES deployed Tasers against DECEDENT multiple times, thereby using excessive force against him.  On information and belief, at the time of DOE DEPUTIES' use of force against him, DECEDENT was unarmed and was committing no crime.

19.     At all relevant times, DOE DEPUTIES were acting under color of state law and in the scope and course of their employment with the COUNTY.

20.     After deploying the Tasers and otherwise using force against DECEDENT, DOE DEPUTIES failed to timely summon medical attention for DECEDENT, and also failed to provide medical aid to DECEDENT, thereby further contributing to his injuries and death. The delay of medical care to DECEDENT also caused DECEDENT extreme physical and emotional pain and suffering.

21.     DECEDENT survived for a period of time after being Tased by DOE DEPUTIES.  After the use of force incident, DECEDENT was transported to a hospital where he died, also on August 20, 2018.

22.     As a result of the Tasing and other undiscovered uses of force, DECEDENT endured severe pain and suffering, humiliation, emotional distress, and

physical injuries.  DECEDENT also incurred medical expenses and eventually lost his life and earning capacity.

23.    The use of force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because, on information and belief, DECEDENT was unarmed and committing no crime at the time that DOE DEPUTIES used force against DECEDENT.

24.    Plaintiff was dependent on DECEDENT, to some extent, for the necessities of life.

25.    Plaintiff MALDONADO is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

### FIRST CLAIM FOR RELIEF

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(By the Plaintiff MALDONADO against Defendants DOE DEPUTIES)

26.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.    Defendants DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

28.    When Defendants DOE DEPUTIES deployed Tasers against DECEDENT and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

1  and therefore warrants the imposition of exemplary and punitive damages as to

2  Defendants DOE DEPUTIES.

3       30.    As a result of their misconduct, Defendants DOE DEPUTIES are liable

4  for DECEDENT's injuries, either because they were integral participants in the

5  wrongful detention and arrest, or because they failed to intervene to prevent these

6  violations.

7       31.    Plaintiff MALDONADO brings this claim as DECEDENT's successor-

8  in-interest as defined in Section 377.11 of the California Code of Civil Procedure

9  and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also

10  seeks wrongful death damages, attorney's fees, and costs on this claim.

11

12                        **SECOND CLAIM FOR RELIEF**

13        **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

14        (By Plaintiff MALDONADO against Defendants DOE DEPUTIES)

15       32.    Plaintiff repeats and re-alleges each and every allegation in

16  paragraphs 1 through 31 of this Complaint with the same force and effect as if fully

17  set forth herein.

18       33.    Defendants DOE DEPUTIES used excessive force against

19  DECEDENT when they deployed Tasers against him and engaged in other

20  undiscovered uses of force.  Defendants DOE DEPUTIES' unjustified use of force

21  deprived DECEDENT of his right to be secure in his person against unreasonable

22  searches and seizures as guaranteed to DECEDENT under the Fourth Amendment

23  to the United States Constitution and applied to state actors by the Fourteenth

24  Amendment.

25       34.    Each of DOE DEPUTIES integrally participated and/or failed to

26  intervene in the use of force against DECEDENT.

27       35.    As a result of the foregoing, DECEDENT suffered great physical pain

28  and emotional distress up to the time of his death, including a significant period of

1   time where he survived between being Tased by DOE DEPUTIES and dying at the

2   hospital. Also as a result of the foregoing, DECEDENT suffered loss of enjoyment

3   of life, loss of life, and loss of earning capacity.

4     36. The conduct of Defendants DOE DEPUTIES was willful, wanton,

5   malicious, and done with reckless disregard for the rights and safety of

6   DECEDENT, and therefore warrants the imposition of exemplary and punitive

7   damages as to Defendants DOE DEPUTIES.

8     37. The use of force was excessive and unreasonable, particularly because,

9   on information and belief, DECEDENT was unarmed and committing no crime at

10  the time of the Tasing.  Further, Defendants DOE DEPUTIES' use of force violated

11  their training and standard police officer training.

12    38. Plaintiff MALDONADO brings this claim as DECEDENT's successor-

13  in-interest as defined in Section 377.11 of the California Code of Civil Procedure

14  and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also

15  seeks wrongful death damages, attorney's fees, and costs on this claim.

16

17  **THIRD CLAIM FOR RELIEF**

18  **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

19  (By Plaintiff MALDONADO against Defendants DOE DEPUTIES)

20    39. Plaintiff repeats and re-alleges each and every allegation in

21  paragraphs 1 through 38 of this Complaint with the same force and effect as if fully

22  set forth herein.

23    40. The denial of medical care by Defendants DOE DEPUTIES after they

24  deployed Tasers against DECEDENT and engaged in other undiscovered uses of

25  force against DECEDENT deprived DECEDENT of his right to be secure in his

26  person against unreasonable searches and seizures as guaranteed to DECEDENT

27  under the Fourth Amendment to the United States Constitution and applied to state

28  actors by the Fourteenth Amendment.

41.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, including a significant period of time where he survived between being Tased by DOE DEPUTIES and dying at the hospital. Also as a result of the foregoing, DECEDENT suffered loss of enjoyment of life, loss of life, and loss of earning capacity.

42.     Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43.     The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

44.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

45.     Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiff MALDONADO against Defendants DOE DEPUTIES)

46.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

-8-

47.     Plaintiff MALDONADO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

48.     The aforementioned actions of Defendants DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

49.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  DOE DEPUTIES thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

50.     Also as a direct and proximate cause of the acts of DOE DEPUTIES, Plaintiff suffered emotional distress, mental anguish, and pain, and has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

51.     The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

52.     Plaintiff brings this claim individually and seeks wrongful death damages for Defendants' interference with her familial relationship with her son, DECEDENT.  Plaintiff also seeks attorney's fees and costs on this claim.

# **FIFTH CLAIM FOR RELIEF**

## **Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By Plaintiff MALDONADO against Defendants COUNTY and DOES 6-10)

53.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Defendants DOE DEPUTIES acted under color of law.

55.     The acts of Defendants DOE DEPUTIES deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

56.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified Defendants DOE DEPUTIES' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE DEPUTIES' acts.

57.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

58.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

59.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983 on this claim.

60.     Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiff MALDONADO against Defendants COUNTY and DOES 6-10)

61.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     Defendants DOE DEPUTIES acted under color of law.

63.     The acts of Defendants DOE DEPUTIES deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

64.     The training policies of Defendant COUNTY were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

65.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its sheriff's deputies adequately.

66.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE DEPUTIES; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

67.     By reason of the aforementioned acts and omissions, Plaintiff has suffered a loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

68.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983 on this claim.

69.     Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure

COMPLAINT FOR DAMAGES

and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff MALDONADO against Defendants COUNTY and DOES 6-10)

70.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.    Defendants DOE DEPUTIES acted under color of law.

72.    Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

73.    On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

74.    Defendants, including the COUNTY and policymakers and supervisors for the COUNTY, maintained, inter alia, the following unconstitutional customs, practices, and policies:

        (a)    Using excessive force, including cumulative uses of less-than-lethal force that become deadly force;

        (b)    Providing inadequate training regarding the use force;

        (c)    Employing and retaining as police officers and sheriff's deputies individuals such as Defendants DOE DEPUTIES, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

        (d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies and other personnel,

-12-

including Defendants DOE DEPUTIES, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY sheriff's deputies, including Defendants DOE DEPUTIES;

(f)  Failing to adequately discipline COUNTY sheriff's deputies, including Defendants DOE DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)  Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h)  Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

COMPLAINT FOR DAMAGES

(j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of excessive force by police officers, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in use of excessive force against unarmed people.

75.   By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

76.   Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

77.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

78.   Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

-14-

79.   Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

## EIGHTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment

(By Plaintiff against Defendants COUNTY and DOE DEPUTIES)

80.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81.   Defendants DOE DEPUTIES, while working as sheriff's deputies for the City of San Juan Capistrano Police Department as contracted through the Orange County Sheriff's Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

82.   DECEDENT did not knowingly or voluntarily consent.

83.   Defendants DOE DEPUTIES detained DECEDENT for an appreciable amount of time, including while they Tased him, handcuffed him, and otherwise used force against him.

84.   The conduct of DOE DEPUTIES was a substantial factor in causing the harm, injury, and death of DECEDENT and a substantial factor in causing Plaintiff's loss.

85.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

-15-

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.    The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

87.    As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

88.    Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By Plaintiff against Defendants CITY and DOE DEPUTIES)

89.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    DOE DEPUTIES, while working as sheriff's deputies for the City of San Juan Capistrano Police Department as contracted through the Orange County Sheriff's Department and acting within the course and scope of their duties, intentionally Tased DECEDENT multiple times and used other undiscovered force against him.  The foregoing conduct constitutes unreasonable force against DECEDENT, particularly because, on information and belief, DECEDENT was unarmed and committing no crime at the time of the Tasing incident.  DOE

COMPLAINT FOR DAMAGES

DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers or sheriff's deputies was an unreasonable and non-privileged use of force.

91.     DOE DEPUTIES integrally participated and/or failed to intervene in the use of force against DECEDENT.

92.     As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT sustained injuries, eventually died from his injuries after surviving for a significant period of time, and also lost his earning capacity. Also as a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

93.     COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.     The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to DOE DEPUTIES.

95.     Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

# TENTH CLAIM FOR RELIEF

## Negligence

### (Wrongful Death)

### (By Plaintiff against all Defendants)

96.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.   Police officers and sheriff's deputies, including DOE DEPUTIES, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, considering less-lethal alternatives, and reassessing during the use of any force.

98.   Defendants DOE DEPUTIES breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOE DEPUTIES were negligent and reckless, including but not limited to:

(a)   the negligent detention, arrest, and use of force against DECEDENT, including the negligent Tasing of DECEDENT and negligent use of other undiscovered force against him;

(b)   the failure to properly and adequately assess the need to detain, arrest, and use force against DECEDENT;

(c)   the negligent tactics and handling of the situation with DECEDENT, including pre-Tasing negligence;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

-18-

(g)     the negligent communication of information during the incident.

99.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT suffered physical injuries and then died and lost his earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

100.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

101.   Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiff against all Defendants)

102.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

COMPLAINT FOR DAMAGES

104.   On information and belief, Defendants DOE DEPUTIES, while working for the COUNTY and acting within the course and scope of their duties as sheriff's deputies or police officers working for the San Juan Capistrano Police Department as contracted by the Orange County Sheriff's Department, intentionally committed and attempted to commit acts of violence against DECEDENT, including by handcuffing him, Tasing him multiple times, using other undiscovered force against him without justification or excuse, integrally participating and failing to intervene in the above violence, and denying him necessary medical care.

105.   When Defendants DOE DEPUTIES Tased DECEDENT, handcuffed him, and otherwise used force against him, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

106.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.  In other words, DOE DEPUTIES both intended to interfere with DECEDENT's civil rights and acted with reckless disregard for DECEDENT's civil rights.

107.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

108.    Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiff.

109.   The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

110.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

112.   Plaintiff MALDONADO brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff also seeks wrongful death damages, attorney's fees, and costs on this claim.  Under the provisions of Cal. Civ. Code §52(b), Defendants are also liable for reasonable attorney's fees and a civil penalty of $25,000.00.

1

**<u>PRAYER FOR RELIEF</u>**

2

WHEREFORE, Plaintiff Alisha Maldonado, individually and as successor in

3

interest to Andru Maldonado, deceased, requests entry of judgment in her favor and

4

against Defendants County of Orange and Does 1-10, inclusive, as follows:

5

A.    For compensatory damages in whatever amount may be proven

6

at trial, including both survival damages and wrongful death

7

damages under federal and state law;

8

B.    For funeral and burial expenses, and loss of financial support;

9

C.    For punitive damages against the individual defendants in an

10

amount to be proven at trial;

11

D.    For statutory damages;

12

E.    For interest;

13

F.    For reasonable attorneys' fees, including litigation expenses;

14

G.    For costs of suit; and

15

H.    For such further other relief as the Court may deem just, proper,

16

and appropriate.

17

18

19

DATED:  May 10, 2019                LAW OFFICES OF DALE K. GALIPO

20

21

By /s/ Dale K. Galipo

22

Dale K. Galipo
Attorneys for Plaintiff

23

24

25

26

27

28

-22-

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4   DATED:  May 10, 2019              LAW OFFICES OF DALE K. GALIPO

5

6

7                              By /s/ Dale K. Galipo
                                   Dale K. Galipo
8                                  Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES