EXHIBIT "A"

# LYNBERG & WATKINS

WWW.LYNBERG.COM

**LOS ANGELES**
1150 S. Olive Street
Eighteenth Floor
Los Angeles, CA 90015
Tel 213-624-8700
Fax 213-892-2763

**ORANGE COUNTY**
1100 Town & Country Road
Suite #1450
Orange, CA 92868
Tel 714-937-1010
Fax 714 937-1003

**SAN DIEGO**
8880 Rio San Diego Drive
Suite #1045
San Diego, CA 92108
Tel 619-814-2169
Fax 619-356-4968

**CENTRAL COAST**
731 South Lincoln Street
Suite C
Santa Maria, CA 93458
Tel 805-623-5863
Fax 805-314-2661

REPLY TO: **ORANGE COUNTY**

June 14, 2019

**VIA EMAIL AND US MAIL**

Dale K. Galipo, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310,
Woodland Hills, CA 91367
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

Re: ***Maldonado v. County of Orange***
Date of Loss: 20 August 2018
Case No: 19-cv-00883
Complaint Filed: 10 May 2019
Our File No.: 1793-0263
Our Client Defendant County of Orange
Your Client Plaintiff Alisha Maldonado

Dear Mr. Galipo,

As you are aware, this office represents defendant County of Orange ("**Defendant County**") in the matter of *Maldonado v. County of Orange*, and I am writing to you on behalf of our client. Please consider this correspondence as a written attempt to meet and confer with respect to Plaintiff Maldonado's ("**Plaintiff**") complaint filed May 10, 2019 (the "**Complaint**") within the meaning of Local Rule 7-3 of the Central District of California.

As you are also aware, Local Rule 7-3 requires that the parties attempt to meet and confer to resolve any matter prior to seeking the Court's intervention by way of motion.

In that respect, we believe that Plaintiff's Complaint, brought as partially claims of "survivorship" and also as to the alleged "wrongful death" of Mr. Andru Maldonado (the "**Decedent**") contains deficiencies that would subject it to a motion to dismiss and/or motion to strike as defined by Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) and 12(f), respectively. We have identified the following perceived issues with the Complaint:

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 2
Re:   Maldonado v. County of Orange
      7-3 Meet and Confer

### A. Plaintiff's Survivorship Claims

Plaintiff asserts several claims as Decedent's "successor in interest" for the first through third, and fifth through eleventh claims. As far as we are aware, Plaintiff has not filed a required successor in interest statement for asserting a survivorship action; and, Plaintiff's Complaint is unverified. See, California Code of Civil Procedure § 377.30 et seq. Indeed, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir.1998) (citation omitted). In California, a successor in interest who "seeks to commence an action or proceeding" on behalf of a decedent "shall execute and file an affidavit" that conforms with the enumerated requirements of § 377.32(a). See, Wishum v. California, No. 14–cv–1491–JST, 2014 WL 3738067, at *2 (N.D.Cal. July 28, 2014) ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation.").

Thus, to the extent that Plaintiff's claims are predicated on survivorship, the requisite affidavit is lacking and thus the Complaint is subject to motion to dismiss.

### B. Claims within the Complaint

#### i.   Fourth Amendment – Unlawful Detention/Arrest (42 U.S.C. § 1983)

Plaintiff's first claim is for unlawful detention and arrest under the Fourth Amendment of the United States Constitution, made actionable by 42 U.S.C. § 1983. Plaintiff alleges that Deputies "unlawfully detained and arrested" Decedent… [when] Decedent was unarmed and was committing no crime." Complaint ¶ 18. In short, that unknown DOE DEPUTIES (the "Deputies") detained Decedent without reasonable suspicion and arrested him without probable cause, and then violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment when Decedent was Tasered and placed in handcuffs. Complaint ¶¶ 27-28. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Lacey v. Maricopa County, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (quoting Maxwell v. County of San Diego, 697 F.3d 941, 951 (9th Cir. 2012)).

The first claim is relatively barren of facts, and pleads only that Decedent was committing no crime. A plaintiff cannot simply "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action,

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 3
Re:   *Maldonado v. County of Orange*
      7-3 Meet and Confer

supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal 556 U.S. 662, 678 (2009); see, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Here, Plaintiff does not plead the elements of the unlawful arrest with requisite specificity against Deputies and the claim is subject to a motion to dismiss. We would request that additional, factual, pleadings are included or supplemented to apprise Deputies of the allegations against them.

### ii.   Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

Plaintiff's second claim for relief is for excessive force in violation of the Fourth Amendment of the United States Constitution and is likewise brought pursuant to 42 U.S.C. § 1983. The Complaint alleges that by use of Tasers (and other undiscovered uses of force) the Deputies utilized excessive force. Complaint ¶ 33. Further, that other Deputies participated and/or failed to intervene in the excessive use of force. Id. ¶ 34. Under applicable federal Constitutional law, peace officers may use such force as is "objectively reasonable" under the specific facts they confront. See, Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989). "Because the test of reasonableness under the [Constitution] is not capable of precise definition or mechanical application, . . . proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, supra, 490 U.S. at 396-397.

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourth Amendment as applied in Scott v. Harris, 550U.S. 372, 381-85 (2007), Graham v. Connor, 490 U.S. 386, 397 (1989), Tennessee v. Garner, 471 U.S. 1, 7-12 (1985), and Acosta v. Hill, 504 F.3d 1323, 1324 (9th Cir. 2007). If a suspect no longer poses an immediate threat, then the subsequent use of deadly force is unreasonable. Zion v. County of Orange, 874 F.3d 1072, 1076 (9th Cir. 2017). Whether the use of deadly force is reasonable is highly fact-specific. Wilkinson v. Torres, 610 F.3d 546, 551 (9th Cir. 2010). Resultantly, whether or not the force used is "fact specific."

As stated above, and once again applied here, the allegations of Plaintiff's second claim are relatively threadbare and unlikely to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as presently pleaded. Again, we request that Plaintiff amend the

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 4
Re:   *Maldonado v. County of Orange*
       7-3 Meet and Confer

Complaint to include additional, factual allegations setting forth the nature of alleged wrongs rather than simply pleading the applicable law as the violation.

### iii.   Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)

Plaintiff's third claim for relief, for denial of medical care, is brought under the Fourth Amendment of the United States Constitution, made applicable by 42 U.S.C. § 1983. Plaintiff alleged that the Deputies failed to provide, or summon, appropriate medical care after using Tasers on Decedent. Complaint ¶¶ 39-42. In Castro v. County of Los Angeles, 833 F.3d. 1060, 1070 (9th Cir.2016) (en banc), the Ninth Circuit overruled Clouthier v. County. of Contra Costa, 591 F.3d 1232, 1253-54 (9th Cir.2010), "to the extent that it identified a single deliberate indifference standard for all § 1983 claims and to the extent that it required a plaintiff to prove an individual defendant's subjective intent to punish in the context of a pretrial detainee's failure-to-protect claim." Castro at 1070. However, the analysis of the Ninth Circuit focused on a pre-trial detainee's right to medical care/be protected under the Fourteenth Amendment and how, if at all, it intersects with the Eighth Amendment's rights of medical care while imprisoned.

Here, Plaintiff brings this claim under the Fourth Amendment which is improper. As presently plead the claim appears deficient and subject to a motion to dismiss. Accordingly, we request that Plaintiff amend this claim.

### iv.   Fourteenth Amendment – Interference with Familial Relations (42 U.S.C. § 1983)

Plaintiff's fourth claim for relief is for interference with familial relations pursuant to the Fourteenth Amendment for substantive due process, made actionable by 42 U.S.C. § 1983. Plaintiff alleges that she had an interest in her familial relationship with the Decedent which she was unduly deprived of when the Deputies used Tasers in the chain of events ultimately leading to Decedent's demise. Complaint ¶¶ 47-49.

While it is true that parents and children possess a constitutionally protected liberty interest in companionship and society with each other, there are still substantive pleading requirements to make such a claim. See, Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (en banc). The Ninth Circuit later clarified that a parent's right implicates both a custodial and a companionship interest, either of which, when interfered with by the state, gives rise to a cognizable Fourteenth Amendment due process claim. City of Fontana, 818 F.2d at 1419; see, e.g., Strandberg v. City of Helena, 791 F.2d 744, 748 n.1 (9th Cir. 1986) (recognizing that while parents of deceased 22-year-old son had no deprivation claim of the right to parent, they had claim for violation of their due process rights in companionship and society of their adult son). The Ninth Circuit has held that a parent's liberty interest is neither binary nor automatic, but rather becomes judicially

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 5
Re:  Maldonado v. County of Orange
     7-3 Meet and Confer

enforceable only when the parent "demonstrates a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of [the] child." Kirkpatrick v. Washoe County, 843 F.3d 784, 789 (9th Cir. 2016) (en banc).

When the interference was "for the purposes of oppression," the substantive due process analysis applies. Id. (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Here, the claim is for an adult child, and the relationship was allegedly interfered with for purposes of oppression. Thus, Plaintiff seeks a substantive due process claim.

Substantive due process claims typically involve egregious conduct or the use of excessive force. But official conduct only violates substantive due process when it "shocks the conscience." Gantt v. City of Los Angeles, 717 F.3d 702, 707 (9th Cir. 2013) (citing Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010)).

Here, Plaintiff states only that Deputies actions "shock the conscience, in that they acted with deliberate indifference to…" Decedent. Complaint ¶ 48. Next, that Plaintiff "… has been deprived of the life-long love, companionship, support, society, care, and sustenance of Decedent…" Complaint ¶ 49. As with the prior claims, Plaintiff does not adequately state facts supporting the claim, and rather tracks the language of statute or case law and alleges those laws as "facts." This is insufficient and subject to a motion to dismiss. Thus, we request that Plaintiff amend this claim to include facts respecting the necessary elements.

### v.  Municipal Liability – Ratification (42 U.S.C. § 1983)

Plaintiff's fifth claim is against the County of Orange and alleges "policymaker" liability to an "unknown policymaker" made actionable by 42 U.S.C. § 1983. This is Plaintiff's first Monell Claim. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). (Un)specifically, Plaintiff alleges that "a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of [Deputies] ratified…" those acts. Complaint ¶ 56. It is well established that liability of a local governing body lies when "action pursuant to official municipal policy of some nature caused a constitutional tort," and not on the basis of *respondeat superior*. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). The Ninth Circuit states that ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir.1999) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. Trevino v. Gates, 99 F.3d 911, 920 (9th Cir.1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir.1992). It is axiomatic that the allegations of a complaint must set forth the facts and requisite violation that give rise to liability for ratification.

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 6
Re:   *Maldonado v. County of Orange*
      7-3 Meet and Confer

Here, Plaintiff fails to plead anything suggesting ratification. Plaintiff instead copy/pastes the allegations of her fourth claim as the basis for a ratification claim. This is improper, and insufficient. Most importantly, it is a proper candidate for a motion to dismiss. As a result, we request that Plaintiff amend to supplement this claim with facts supporting the claim, if indeed Plaintiff is able to do so.

### vi.   Municipal Liability – Inadequate Training (42 U.S.C. § 1983)

Plaintiff's sixth claim is against the County of Orange and alleges a failure to train by Defendant County made actionable by 42 U.S.C. § 1983. This is Plaintiff's second Monell Claim. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Plaintiff alleges that the training policies of Defendant County were not adequate, and that situations similar to Decedent's are recurring. Complaint ¶¶ 64-65. Further, that Defendant County is deliberately indifferent to the consequences of its failure to train, and that failure to train is the proximate cause of Decedent's death. Complaint ¶¶ 65-66. "The inadequacy of [] training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. This rule is most consistent with our admonition in Monell and Polk County v. Dodson, that a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.' Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 388–389 (1989) (internal citations and footnote omitted).

"A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir.2012). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, 563 U.S. 51, 61 (2011) (holding that county's failure to train prosecutors regarding Brady v. Maryland, 373 U.S. 83 (1963), did not constitute obvious deficiency because attorneys had attended law school and were charged with knowing the law). "[P]olicies of omission regarding the supervision of employees ... can be 'policies' or 'customs' that create municipal liability ... only if the omission 'reflects a deliberate or conscious choice' to countenance the possibility of a constitutional violation." Tsao, 698 F.3d at 1145 (quoting City of Canton v. Harris, 489 U.S. 378, 389-90 (1989)).

Here, as with all of Plaintiff's prior claims, no facts are stated to support the claim, and Plaintiff instead relies on a recitation of statutory or case law. Once again, and for the same reasons, the claim is deficient and subject to a motion to dismiss. We respectfully request that Plaintiff amend the claim to include allegations of fact to apprise Defendant County of what subject matter it must defend, if Plaintiff is able to do so.

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 7
Re: *Maldonado v. County of Orange*
7-3 Meet and Confer

### vii. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

Plaintiff's seventh claim is against the County of Orange and alleges that Defendant County maintained practices of (1) use of excessive force, including less-than-lethal force applied to the extent it becomes lethal; (2) providing inadequate training; (3) employing and retaining as police officers and sheriff's deputies that Defendant County knew were unqualified; (4) inadequate supervision and control; (5) maintaining inadequate procedures for reporting, supervising, investigating, and disciplining its deputies; (6) failing to adequately discipline deputies; (7) announcing unjustified use of force as "within policy;" (8) when uses of force are found unconstitutional, refusing to discipline, terminate, or remove the offending deputies; (9) encouraging the "blue code of silence;" and, (10) maintaining a policy of inaction and attitude of indifference toward soaring numbers of incidents like Decedent's. Complaint ¶ 74. Plaintiff's seventh claim is made actionable by 42 U.S.C. § 1983. This is Plaintiff's third Monell Claim. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell supra 436 U.S. 658, 694 (1978). Local governmental entities "'can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted....'" Local governmental entities also can be sued "'for constitutional deprivations visited pursuant to governmental "custom."'" In addition, "'[t]he plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1147 (2002) (internal citations omitted).

"Entity liability may arise in one of two forms. The municipality may itself have directed the deprivation of federal rights through an express government policy.... Alternatively, the municipality may have in place a custom or practice so widespread in usage as to constitute the functional equivalent of an express policy." Choate v. County of Orange, 86 Cal.App.4th 312, 328 (2000). "'[I]n order to successfully maintain an action under 42 U.S.C. section 1983 against governmental defendants for the tortious conduct of employees under federal law, it is necessary to establish that the conduct occurred in execution of a government's policy or custom promulgated either by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" Newton v. County of Napa 217 Cal.App.3d 1551, 1564 (1990) (internal citations omitted).

Again, Plaintiff's claim does not include facts and instead asserts portions (including copy/pasting of previous claims) of the applicable law and states that those

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 8
Re: *Maldonado v. County of Orange*
7-3 Meet and Confer

were violated. This circular kind of pleading is insufficient and is subject to a motion to dismiss. Accordingly, Defendant County respectfully requests that Plaintiff amend the Complaint and claim to include factual allegations and the requisite pleading requirements, if Plaintiff can do so.

### viii. False Arrest / Imprisonment

Plaintiff's eighth claim for relief, a state law tort claim, is for false arrest and/or imprisonment. Plaintiff alleges that there was no lawful basis for arresting Decedent, there was no warrant issued, and that Decedent was injured and ultimately died as a result of the arrest. Complaint ¶¶ 81-85. '[F]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." Collins v. City and County of San Francisco (1975) 50 Cal.App.3d 671, 673. "It has long been the law that a cause of action for false imprisonment is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendant to prove justification for the arrest." Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 592. By rule, "to state a cause of action [for government tort liability], every fact essential to the existence of a statutory liability must be pleaded with particularity, including the existence of a statutory duty. *Duty cannot be alleged simply by stating, 'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact.* The facts showing the existence of the claimed duty must be alleged." Searcy v. Hemet Unified School Dist., 177 Cal.App.3d 792, 802 (1986).

Here, Plaintiff alleges (earlier in the Complaint) that a warrantless arrest occurred. However, Plaintiff fails to plead the required statute to bring a claim against the Deputies. California's pleading statutes that require a plaintiff to plead the existence of an authorizing statute apply in federal court. See, D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F.Supp.2d 1184, 1198 (E.D. Cal. 2009). Plaintiff's failure to heed these well-settled pleading rules is fatal to these state law claims. Ramsey v. City of Lake Elsinore, 220 Cal.App.3d 1530, 1541 (1990) ("[D]isregard of statutes is fatal to a plaintiff's claim of public liability.").

As to Defendant County, "[A] city is not liable in damages for a wrongful arrest and imprisonment by a police officer, or for the taking and detention of property from the person arrested." Robinson v. Smith, 211 Cal.App.2d 473, 478–479 (1962).

Similar, while Plaintiff includes some new allegations within this claim, the facts are still lacking; and, regardless, the claim is not sufficiently set forth with requisite factual inclusions. Accordingly, defendants request that Plaintiff amend the Complaint and claim to cure these deficiencies.

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 9
Re:   *Maldonado v. County of Orange*
      7-3 Meet and Confer

### ix.   Battery (Wrongful Death)

Plaintiff's ninth claim is a state law tort claim, for battery against Deputies and Defendant City. Plaintiff alleges that Deputies battered Decedent via Tasering Decedent and "other undiscovered uses of force." Complaint ¶ 89. Decedent did not consent to the battery, and Decedent was harmed and ultimately died as a result of the alleged battery. Complaint ¶¶ 90-92. Defendant County is alleged to be liable via Government Code § 815.2(a). "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." So v. Shin (2013) 212 Cal.App.4th 652, 669. "A battery is a violation of an individual's interest in freedom from intentional, unlawful, harmful or offensive unconsented contacts with his or her person." Rains v. Superior Court (1984) 150 Cal.App.3d 933, 938. "[T]he tort of battery generally is not limited to direct body-to-body contact. In fact, the commentary to the Restatement Second of Torts clearly states that the '[m]eaning of "contact with another's person"'... does not require that one 'should bring any part of his own body in contact with another's person... [One] is liable [for battery] in this Section if [one] throws a substance, such as water, upon the other...'" Mount Vernon Fire Ins. Co. v. Busby (2013) 219 Cal.App.4th 876, 881.

When the battery is alleged against a peace officer, "Plaintiff must prove unreasonable force as an element of the tort." Edson v. City of Anaheim (1998) 63 Cal.App.4th 1269, 1272. "'The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight... [T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation...'" In calculating whether the amount of force was excessive, a trier of fact must recognize that peace officers are often forced to make split-second judgments, in tense circumstances, concerning the amount of force required." Brown v. Ransweiler (2009) 171 Cal.App.4th 516, 527–528.

Here, Plaintiff fails to allege requisite facts (or any facts other than that a Taser was used) as to the Deputies, and similarly fails to appears to allege the requisite authorizing statute to bring a tort claim against Deputies. Similar, while an authorizing statute is provided as to Defendant County, facts are lacking to apprise Defendant County of its liability.

Finally, this claim, for whatever reason, is alleged against Deputies and "Defendant CITY." CITY is an undefined term which makes this claim uncertain and unintelligible. Accordingly, it is requested that Plaintiff remedy these issues with this claim by amendment.

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 10
Re:   Maldonado v. County of Orange
      7-3 Meet and Confer

### x.  Negligence (Wrongful Death)

Plaintiff's tenth claim for relief is a state law tort claim for negligence, alleging a resultant wrongful death of Decedent. Plaintiff alleges that Deputies had a duty to give appropriate commands, tactics, warnings, and abstention from force when appropriate. Complaint ¶ 97. Plaintiff also alleges that Deputies breached these duties by (1) the arrest, detention, and Tasering of Decedent; (2) failing to properly assess the need to detain; (3) negligent tactics and handing of situation; (4) failing to provide prompt medical care; (5) failing to properly train and supervise employees; (6) failing to ensure adequate numbers of employees with appropriate education; and, (7) negligent communication of information during the Incident. Complaint ¶ 98. As a result, Decedent was injured and ultimately died. Complaint ¶ 99. "'The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."'" Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917. "Typically, in special relationships, "the plaintiff is particularly vulnerable and dependent upon the defendant who, correspondingly, has some control over the plaintiff's welfare. [Citation.]" [Citation.] A defendant who is found to have a "special relationship" with another may owe an affirmative duty to protect the other person from foreseeable harm, or to come to the aid of another in the face of ongoing harm or medical emergency.'" Carlsen v. Koivumaki (2014) 227 Cal.App.4th 879 893.

Here, Plaintiff alleges a string of allegations respecting various duties and breaches, but not actual facts that support any given duty or breach. This is insufficient as California's heightened pleading standard applies for state law claims brought in federal district Court.

Accordingly, defendants request that Plaintiff amend this claim by including specific allegations rather than a "spaghetti pleading" (whereby one attempts to discern what will 'stick').

### xi.  Violation of Bane Act (Civil Code § 52.1)

Plaintiff's final claim is for alleged violations of California's Bane Act at Civil Code § 52.1. Plaintiff alleges that Deputies used the Taser, and other forms of violence, in order to "discourage Decedent from exercising his civil rights, to retaliation against him for invoking such rights, or to prevent him from exercising such rights..." Complaint ¶ 106. However, "a wrongful arrest or detention, without more, does not" state a claim for violation of the Bane Act. Allen v. City of Sacramento, 234 Cal.App.4th 41, 69 (2015). Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act. See, e.g., Quezada v. City of Los Angeles, 222 Cal.App.4th 993, 1008 (2014) ("The coercion inherent in detention is insufficient to show

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
June 14, 2019
Page 11
Re:   *Maldonado v. County of Orange*
      7-3 Meet and Confer

a <u>Bane Act</u> violation."); <u>Shoyoye v. Cty. of Los Angeles</u>, 203 Cal.App.4th 947, 959 (2012) ("The [Bane Act] requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."); <u>Lyall v. City of Los Angeles</u>, 807 F.3d 1178, 1196 (9th Cir. 2015).

Here, as with Plaintiff's other claims, the bare language of the statute is recited as a basis for the claim. There are no facts other than stating that Deputies undertook the actions in violation of the Bane Act. Accordingly, it is requested that Plaintiff cure these deficiencies by amending the Complaint.

If Plaintiff intends to remedy the issues as herein set forth, kindly let us know at your earlier opportunity. If, however, Plaintiff wishes to stand by the Complaint as presently stated, Defendant County will proceed with the aforementioned motions. As you are aware via our joint stipulation, our deadline for doing so is June 21, 2019. As such, and in the interest of conservation of effort and expenditure, please let us know if Plaintiff intends to amend by end of business on June 19, 2019.

This meet and confer letter is sent with a reservation of rights to identify and set forth additional, similar deficiencies in Plaintiff's Complaint. If any are found, they will be brought to your attention in a similar manner.

Thank you for your anticipated attention to the foregoing. Your cooperation is appreciated. Naturally, if you have any questions or concerns, please do not hesitate to contact the undersigned via email at jbond@lynberg.com or 714-937-1010.

Very truly yours,

JONATHAN C. BOND, ESQ.

JCB/sms