NORMAN J. WATKINS – SBN 87327
nwatkins@lynberg.com
S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JONATHAN C. BOND – SBN 280266
jbond@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE, DEPUTY JONATHAN LARSON, DEPUTY MARIA MENDOZA, DEPUTY AUSTIN KAESMAN, DEPUTY RYAN ANDERSON, SERGEANT BRIAN TUNQUE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| ALISHA MALDONADO, individually and as successor in interest to ANDRU MALDONADO, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY JONATHAN LARSON; DEPUTY MARIA MENDOZA, DEPUTY AUSTIN KAESMAN; DEPUTY RYAN ANDERSON; SERGEANT BRIAN TUNQUE; and DOES 5-10, inclusive,<br><br>Defendants. | CASE NO. 8:19-cv-00883-JLS (JDEx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Josephine L. Staton*<br>*Courtroom 10A*<br><br>**DEFENDANTS JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Ctrm:   10A<br><br>*Second Amended Complaint:* Dec 10, 2019 |

/ / /

---

**DEFENDANTS JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COMES NOW,** Defendants JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, BRIAN TUNQUE ("**Deputy Defendants**") in answering Plaintiff ALISHA MALDONADO, individually and as the purported "successor in interest" to ANDRU MALDONADO's ("**Plaintiff**") Second Amended Complaint on file with this Court herein as of December 10, 2019, for Deputy Defendants themselves, and for no other defendants, admit, deny, allege, and affirmatively defend as follows:

## ANSWER TO SECOND AMENDED COMPLAINT

1. In response to Plaintiff's Second Amended Complaint, paragraph 3, Deputy Defendants admit only that the incident involving decedent Andru Maldonado ("**Decedent**") that gave rise to this case occurred on August 20, 2018 in the City of San Juan Capistrano. Deputy Defendants deny the remainder of the allegations in paragraph 3.

2. In response to Plaintiff's Second Amended Complaint, paragraph 6, Deputy Defendants admit that Defendant COUNTY OF ORANGE is a municipal corporation existing under the laws of the State of California, as a chartered subdivision of the State of California. Deputy Defendants admit that they were employed by Defendant COUNTY OF ORANGE at all relevant times. Deputy Defendants lack sufficient information or belief at this time as to whether Defendant COUNTY OF ORANGE was the employer of DOES 1-10 and on that basis deny said allegation. Deputy Defendants deny the remainder of paragraph 6.

3. In response to Plaintiff's Second Amended Complaint, paragraph 7, Deputy Defendants admit that DEPUTY JONATHAN LARSON, DEPUTY MARIA MENDOZA, DEPUTY AUSTIN KEASMAN, and DEPUTY RYAN ANDERSON are employed by the Orange County Sheriff's Department. Deputy Defendants admit that Defendant BRIAN TUNQUE is a Sergeant with the Orange County Sheriff's Department. Deputy Defendants admit that Defendants AUSTIN KAESMAN,

MARIA MENDOZA, and RYAN ANDERSON are deputies with the Orange County Sheriff's Department. Deputy Defendants state that Defendant JONATHAN LARSON was a Deputy at the time of the Incident herein, but has since been assigned the rank of Investigator, and on that basis deny said allegation. Deputy Defendants admit that they were acting under color of law and within the course and cope of their employment as sheriff's deputies for the Orange County Sheriff's Department. Deputy Defendants lack sufficient information or belief at this time as to the remaining allegations in paragraph 7 and on that basis deny said allegations.

4.  In response to Plaintiff's Second Amended Complaint, paragraph 18, Deputy Defendants admit that the incident giving rise to this lawsuit occurred on August 20, 2018 at or around the 3200 block of Camino Capistrano, California, at approximately 4:40 p.m. Deputy Defendants generally and specifically deny unlawfully detaining or arresting Decedent. Deputy Defendants generally and specifically deny inappropriate deployment of Tasers against Decedent. Deputy Defendants generally and specifically deny any excessive force as to Decedent. Deputy Defendants generally and specifically deny that Decedent was committing no crime. As to the remainder of the allegations in paragraph 18, Deputy Defendants lack sufficient information or belief at this time and on that basis deny said allegations.

5.  In response to Plaintiff's Second Amended Complaint, paragraph 20, Deputy Defendants admit that Deputy Defendants were acting under color of state law and in the course and scope of their employment.

6.  In response to Plaintiff's Second Amended Complaint, paragraphs 16, 19, 21, 22, 23, 24, 28, 29, 30, 31, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 49, 50, 51, 52, 55, 56, 57, 58, 61, 62, 65, 66, 67, 68, 69, 70, 73, 76, 77, 78, 79, 84, 85, 86, 87, 88, 89, and 91 Deputy Defendants deny generally and specifically each and every allegation contained therein. Deputy Defendants further deny that Plaintiff, whether as

successor-in-interest to Decedent or individually, was damaged in any amount or sum, or at all, by reason of any act or omission by Deputy Defendants.

7. In response to Plaintiff's Second Amended Complaint, paragraphs 4, 5, 8, 9, 10, 11, 12, 13, 14, 25, and 26 Deputy Defendants do not have sufficient information or belief to enable Deputy Defendants to answer said paragraphs at this time, and on that ground, and for pleading purposes Deputy Defendants deny each and every allegation contained therein.

8. In response to Plaintiff's Second Amended Complaint, paragraphs 1, 2, 15, 32, 39, 46, 48, 53, 59, 60, 63, 71, 72, 74, 77, 80, 81, 83, 90, and 92 Deputy Defendants respond that said paragraphs appear to contain legal conclusions or allegations and thus are not the appropriate subject of an admission or denial by Deputy Defendants for purposes of answer.  Deputy Defendants do agree that venue and jurisdiction appear proper before this Court.

9. In response to Plaintiff's Second Amended Complaint, paragraphs 17, 54, 64, 75, and 82 Deputy Defendants reiterate and incorporate by reference their answers to those paragraphs contained in this answer.

**FIRST AFFIRMATIVE DEFENSE**
(Qualified Immunity)

1. Plaintiff's claims are barred by the doctrine of qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**
(Good Faith of Defendant(s))

2. At all times pertinent to this action, the actions of Deputy Defendants was reasonable, proper, and legal in all respects, and not undertaken for any improper or unconstitutional purpose.

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

(Acts of Decedent or Plaintiff)

3. Any injury or damages suffered by Plaintiff and/or Decedent were caused solely by reason of his/her/their own wrongful acts and conduct, and/or the acts and/or conduct of Decedent, and not by reason of any unlawful act or omission of Deputy Defendants. Moreover, Plaintiff and/or Decedent failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff, in any capacity, and/or Decedent in Plaintiffs' Second Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

4. Plaintiff and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Second Amended Complaint. Deputy Defendants are not liable for injury or damages, if any there were, because Plaintiffs and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Deputy Defendants.

## FIFTH AFFIRMATIVE DEFENSE

(Self Defense or Defense of Others)

5. Deputy Defendants were acting in self-defense or defense of others within the meaning of California Civil Code § 50.

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE
### (Complaint in Bad Faith)

6. The present action is not brought or maintained in good faith, and Deputy Defendants consequently pray for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Liability on Enforcement of Law)

7. Deputy Defendants are not liable to Plaintiff because neither a public entity nor a public employee is liable for his, her, or its act or omission, exercising due care, in the execution or enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Legitimate Penal Interests)

8. Deputy Defendants are not liable to Plaintiff because all actions complained of in the Second Amended Complaint were undertaken pursuant to legitimate penal interests.

## NINTH AFFIRMATIVE DEFENSE
### (Reasonable Force)

9. The force used on Decedent was objectively reasonable under the circumstances and does not constitute excessive force.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Participation)

10. Plaintiff's claims are barred by the principles expressed in Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002) which states that personal participation is required for liability to attached under 42 U.S.C. § 1983.

/ / /

/ / /

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

(Use of Force Privileged)

11. The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

**TWELFTH AFFIRMATIVE DEFENSE**

(Probable Cause of Arrest)

12. Deputy Defendants had reasonable cause to believe that Decedent had committed a crime.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Claims Barred of Tort Claims Act Provisions)

13. Deputy Defendants allege that Plaintiff's supplemental state claims are barred by the provisions of California Government Code §§ 815, 815.2, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, 850, 850.2, 850.4, 850.6, 850.8, 855.6, 855.8, 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

14. The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code §§ 50 *et seq.* and/or California Penal Code § 835a.

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Barred by Applicable Statutes of Limitation)

15. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 338.1, 340, 342, 352.1(b) and/or California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Present Claim)

16. Deputy Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code §§ 910 et seq. Plaintiff has failed to properly comply with pertinent claim procedures. Moreover, Plaintiffs' operative Second Amended Complaint improperly varies from the contents of Plaintiff's alleged governmental claim(s), if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Police Lawful Authority to Detain)

17. At all relevant times, Deputy Defendants had lawful purpose and authority in detaining Decedent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Warranted Arrest)

18. Plaintiffs' claims against Deputy Defendants are barred by California Civil Code § 43.55.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

19. Plaintiffs' claims are barred by the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994); Susag v. City of Lake Forest, 94 Cal.App.4th 1401 (2002); and Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1274 (1998).

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

(Wrongful Death and Successor Statutes)

20.     Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Emergent Situation)

21.     Deputy Defendants are not liable for any injuries allegedly suffered by Plaintiff and/or Decedent alleged to follow from Deputy Defendants' actions or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Decedent, Deputy Defendants, or other third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by Deputy Defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Barred by Civil Code)

22.     Deputy Defendants allege that Plaintiff's action and every claim therein are barred by the provisions of California Civil Code §§ 3333, 3333.3.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Acts by Third Party)

23.     The damages allegedly sustained by Plaintiff and/or Decedent, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's and/or Decedent's alleged damages which thereby relieves Deputy Defendants from liability. Any damages awarded in this action should therefore be in direct proportion to the fault of

these Defendants, if any, as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Reliance on Reports and Dispatch)

24. Plaintiff's claims are barred because Deputy Defendants were entitled to rely upon reports by citizens, dispatch, and other law enforcement officers. See, United State v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); Motley v. Parks, 383 F.3d 1058, 1068 (9th Cir 2004); see also, Whiteley v. Warden, 401 U.S. 560, 568 (1971); Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Legitimate Law Enforcement Actions and Activities)

25. Deputy Defendants actions were at all times supported by reasonable and legitimate law enforcement purposes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Probable Cause and Reasonable Suspicion)

26. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Decedent at all times pertinent to this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

27. Any injury to Plaintiff and/or Decedent was due to and caused by Plaintiff's and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiff's and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiff and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of Deputy Defendants, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiff must be reduced by the amount of Plaintiff's and/or

9

**DEFENDANTS JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Decedent's negligence or fault as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Attorney's Fees on Action Against Peace Officer)

28. This action was filed against a peace officer and/or a public entity employing peace officers for performance of the peace officer's duty. In the event that it becomes clear this action was not filed or maintained in good faith, Deputy Defendants reserve their rights to claim, and do claim, attorneys' fees pursuant to California Code of Civil Procedure § 1021.7.

WHEREFORE, Deputy Defendants pray that Plaintiff take nothing by way of her Second Amended Complaint and that Deputy Defendants herein recover their attorney's fees, costs, and any such other further relief that the Court may deem just and proper.

DATED: January 9, 2020

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Jonathan C. Bond*
**NORMAN J. WATKINS**
**S. FRANK HARRELL**
**JONATHAN C. BOND**
Attorneys for Defendants COUNTY OF ORANGE JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE

# DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**NOTICE IS HEREBY GIVEN** that Defendants **JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE** ("**Deputy Defendants**") hereby demand a trial by jury on all issues as provided by the Seventh Amendment to the United States Constitution as well as Fed. R. Civ. P. 38.

DATED: January 9, 2020

**LYNBERG & WATKINS**
A Professional Corporation

By:

By: */s/ Jonathan C. Bond*
**NORMAN J. WATKINS**
**S. FRANK HARRELL**
**JONATHAN C. BOND**
Attorneys for Defendants COUNTY OF ORANGE JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE

4835-5160-1328, v. 3

---

1

**DEFENDANTS JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Case Name: Maldonado v. County of Orange, et al.
Case No.: 8:19-cv-00883-JLS-JDE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

    On **January 9, 2020**, I served the foregoing document(s) described as **DEFENDANTS JONATHAN LARSON, MARIA MENDOZA, AUSTIN KAESMAN, RYAN ANDERSON, AND BRIAN TUNQUE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq.
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
(818) 347-3333 Tel.
(818) 347-4118 Fax
Emails: rvalentine@galipolaw.com
dalekgalipo@yahoo.com

Counsel For Plaintiff

☐ **BY CERTIFIED MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California..

☐ **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated.

☒ **BY ELECTRONIC MAIL (CM/ECF)** - all parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

☐ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☐ **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

/ / /
/ / /

i
**PROOF OF SERVICE**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States of America.

Executed on **January 9, 2020**, at Orange, California

**SANDRA RODRIGUEZ**